UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                          Case No. 07-10817

DESIREE WOODS,                                                          HON. AVERN COHN

    Defendant.

JPMORGAN CHASE BANK, N.A.,

    Garnishee.
_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING RELATING TO GARNISHMENT (Doc. 29)

I.

This is a student loan case. In 1973, 1974, and 1983, defendant Desiree Williams[1] borrowed money for student loans secured by plaintiff, the United States of America. Defendant defaulted on the loans. As will be explained, a judgment entered against defendant in the amount of the loans plus interest.

Before the Court is defendant's Request for a Hearing in response to the government's application for a writ of garnishment on JP Morgan Chase, N.A. (Chase). (Doc. 29). The government filed a response, contending that a hearing is not necessary. (Doc. 30). The Court agrees with the government. For the reasons that follow, the request is DENIED.

---

[1] Defendant now uses the name Desiree Woods.

II.

On February 23, 2007, the government sued for recovery of the balance due. Defendant, proceeding pro se, answered the complaint. In her answer, defendant did not deny the existence of the debt, but offered a variety of reasons why she has been unable to repay the debt. On June 25, 2007, the government filed a motion for summary judgment requesting judgment in the amount of $5,294.14, prejudgment interest, and post judgment interest as provided by statute. The government attached as exhibits the relevant loan documents, including promissory notes and certificates of indebtedness, evidencing the debt. The government also explained that defendant's reasons for not repaying the debt articulated in her answer do not constitute valid legal defenses. Defendant did not respond.

On September 6, 2007, the Court granted plaintiff's motion. (Doc. 8). On September 11, 2007, the Court entered a Judgment against Williams in the amount of $5,294,14 plus pre-judgment interest from the date of filing the complaint, plus post-judgment interest under 28 U.S.C. § 1961. (Doc. 9). The government then began collection efforts, which included the issuance of writs of garnishment.

Most recently, in June of 2016, the government filed a request for issuance of a Writ of Continuing Garnishment upon Chase. (Doc. 27). On July 27, 2016, Chase filed a response indicating defendant's accounts are closed and therefore no funds were being held in response to the writ. (Doc. 28).

III.

Defendant objects to the issuance of the writ, contending that she contacted government counsel to settle the debt "though AmeriCorp" and that counsel has not

returned her call.  (Doc. 29).  The government says that it has provided defendant will all of the information necessary to determine if she is entitled to any credit on the amount of the judgment through AmeriCorp.  The government also notes it has been working with defendant regarding collection since 2007 and is still willing to do so.

In light of the fact that no funds are being held under the garnishment issued to Chase, there is no need for a hearing.  That said, defendant is encouraged to discuss payment arrangements with the government's counsel.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2016
      Detroit, Michigan